IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**CRAIG L. SETTLES,**

Petitioner,

v.

**WARDEN NEIL TURNER,**

Respondent.

Case No. 3:18 CV 1324

Judge James Gwin

Magistrate Judge James R. Knepp, II

REPORT AND RECOMMENDATION

## INTRODUCTION

*Pro se* Petitioner Craig L. Settles ("Petitioner"), a prisoner in state custody, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 ("Petition"). (Doc. 1). Respondent Warden Neil Turner ("Respondent") filed a Motion to Dismiss (Doc. 5) and Petitioner filed a Reply (Doc. 7). The district court has jurisdiction over the Petition under § 2254(a). This matter has been referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). (Non-document entry dated July 13, 2018). For the reasons discussed below, the undersigned recommends the Petition be dismissed.

## FACTUAL BACKGROUND

For the purposes of habeas corpus review of state court decisions, findings of fact made by a state court are presumed correct and can only be contravened if the habeas petitioner shows, by clear and convincing evidence, erroneous factual findings by the state court. 28 U.S.C. § 2254(e)(1); *Moore v. Mitchell*, 708 F.3d 760, 775 (6th Cir. 2013); *Mitzel v. Tate*, 267 F.3d 524, 530 (6th Cir. 2001). This presumption of correctness applies to factual findings made by a state court of appeals based on the state trial court record. *Mitzel*, 267 F.3d at 530. Here, the Ohio Third District Court of Appeals set forth the following facts:

> Appellant, fourteen years-old at the time, was charged with the aggravated murder of Charles D. Green, Jr. Appellee ("State") filed a motion pursuant to R.C. 2151.26 to transfer appellant's case to the Seneca County Court of Common Pleas, General Division, for prosecution as an adult. On April 4, 1997, the juvenile court found probable cause to believe that appellant committed the offense charged and ordered the matter continued for investigation. Pursuant to R.C. 2151.26, the juvenile court also ordered a psychological examination of appellant.
>
> On April 14, 1997, an amenability hearing was held to determine whether to transfer jurisdiction of appellant to the Seneca County Court of Common Pleas for criminal prosecution. At the conclusion of the hearing, the juvenile court found that appellant would not be amenable to treatment or rehabilitation processes available to the court. Further, the court found that the safety of the community required that appellant be placed under legal restraint for a period extending beyond his legal majority. The court relinquished jurisdiction of appellant and transferred him to the Seneca County Court of Common Pleas for criminal prosecution.
>
> The following evidence was adduced at trial. Shortly after midnight on March 5, 1997, Charles D. Green, Jr. was sitting in the driver's seat of his van at the Eco Village Townhouses, located in Fostoria, Ohio. Green was speaking with a friend, Brian Ferguson, who was standing next to the driver's side door of the van. Ferguson testified at trial that a car pulled alongside the van and appellant exited the backseat of the car. According to Ferguson, appellant opened the driver's-side door of the van and shot Green twice. Thereafter, appellant proceeded to the front of the van and shot at Green three times through the windshield. Another witness, Krista Scherger, also testified at trial that appellant fired several shots into the van.
>
> Fostoria police received numerous 911 calls of the shooting and arrived at the scene within minutes. Thereafter, Green was rushed to Fostoria Community Hospital where he was treated for two gunshot wounds. One bullet entered and exited Green's back, while the second bullet entered Green's shoulder and traveled through his lung, ultimately severing his aorta. Shortly after arriving at the hospital, Green was pronounced dead. Appellant was later charged with the aggravated murder of Green.
>
> A jury found appellant guilty of the lessor included offense of murder. Thereafter, the court sentenced appellant to fifteen years to life imprisonment. The trial court also imposed an additional three-year term for appellant's use of a firearm. Appellant now appeals, setting forth four assignments of error.

(Ex. 7, Doc. 6, at 184-86); *State v. Settles*, 1998 WL 667635, at *1 (Ohio Ct. App. 1998) ("*Settles I*").

## PROCEDURAL HISTORY

State Court Conviction

In April 1997, a Seneca County Grand Jury indicted Petitioner on one count of aggravated murder with a firearm specification pursuant to R.C. § 2903.01(A). (Ex. 1, Doc. 6, at 3). Petitioner entered a plea of not guilty at his arraignment. (Ex. 2, Doc. 6, at 4). On October 30, 1997, a jury found Petitioner guilty of the lesser offense of murder with a firearm specification. (Ex. 3, Doc. 6, at 6). The next day, the trial court sentenced Petitioner to fifteen years to life imprisonment, with a consecutive three-year term for the firearm specification, for an aggregate sentence of 18 years to life imprisonment. *Id*. at 7.

Direct Appeal

On November 26, 1997, Petitioner, through counsel, filed a notice of appeal to the Ohio Third District Court of Appeals. (Ex. 4, Doc. 6, at 9). In his brief in support, Petitioner raised four assignments of error:

1. Juvenile court erred in relinquishing jurisdiction of fourteen-year-old mentally retarded child to the criminal division of the Common Pleas Court, denying child right to fair trial, and due process of law as guaranteed under Article I, Sections 5, 10 and 16 of the Ohio Constitution, and the Fifth, Sixth and Fourteenth Amendments to the Federal Constitution.

2. Trial court erred in admitting numerous hearsay statements contained in police reports in violation of Evid.R.803(8), denying Appellant the right to fair trial and due process of law as guaranteed under Article I, Sections 5, 10 and 16 of the Ohio Constitution, and the Fifth, Sixth and Fourteenth Amendments to the Federal Constitution.

3. Trial court erred in admitting gruesome, repetitive, and materially prejudicial photographs denying Appellant a fair trial and due process of law guaranteed under Article I, Sections 5, 10 and 16 of the Ohio Constitution, and the Fifth, Sixth and Fourteenth Amendments to the Federal Constitution.

4. State committed reversible prosecutorial misconduct in offering irrelevant and prejudicial evidence denying Appellant due process of law guaranteed

> under Sections 5, 10 and 16, Article I, of the Ohio Constitution, and the Fifth, Sixth and Fourteenth Amendments to the Federal Constitution.

(Ex. 5, Doc. 6, at 15-16) (capitalization altered). On September 30, 1998, the Third District Court of Appeals affirmed the judgment of the trial court. (Ex. 7, Doc. 6, at 184-200); *Settles I*, 1998 WL 667635.

Petitioner did not appeal this decision to the Ohio Supreme Court.

Delayed Post-Conviction Petition

On August 8, 2016, Petitioner filed a counseled "Petition for Writ of Habeas Corpus Pursuant to Ohio Revised Code 2953.21"[1] in the trial court. (Ex. 8, Doc. 6, at 201-02). He asserted his trial counsel was ineffective for failing to:

> present highly significant evidence in mitigation of Mr. Settles's culpability; argue that Juv.R.30 required that Mr. Settles be 15 years old in order to be tried as an adult; and failed to move for a mistrial and/or acquittal under Rule 29, when the State presented numerous witnesses who committed perjury while testifying on the State's behalf.

(Ex. 8, Doc. 6, at 201-02). The State responded (Ex. 9, Doc. 6, at 440-55), and Petitioner replied (Ex. 10, Doc. 6, at 456-66). On February 28, 2017, the trial court dismissed the petition as untimely. (Ex. 11, Doc. 6, at 467-70).

On March 27, 2017, Petitioner filed a timely notice of appeal to the Ohio Third District Court of Appeals. (Ex. 12, Doc. 6, at 471). In his counseled brief, Petitioner made three arguments:

1. The instant appeal must be considered on its merits.

---

1. Ohio Revised Code § 2953.21(A)(1)(a), which addresses post-conviction relief, provides:

> Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States . . . may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.

2. Mr. Settles's right to be free from cruel and unusual punishment pursuant to the Eighth and Fourteenth Amendments to the Ohio and United States Constitutions was violated when Mr. Settles was sentenced to a disproportionate sentence despite his lessened culpability.

3. Mr. Settles received ineffective assistance of trial counsel in violation of his Sixth and Fourteenth Amendment Rights and as a result, Mr. Settles was denied Due Process and a fair trial under the Fifth and Fourteenth Amendments to the Ohio and United States Constitutions.

(Ex. 13, Doc. 6, at 478) (capitalization altered). The State responded (Ex. 14, Doc. 6, at 514-22), and Petitioner replied (Ex. 15, Doc. 6, at 523-36).

On October 30, 2017, the Ohio Third District Court of Appeals affirmed the trial court's dismissal of the post-conviction petition as time barred. (Ex. 16, Doc. 6, at 537-49); *State v. Settles*, 99 N.E.3d 1012, 1014 (Ohio Ct. App. 2017) ("*Settles II*")[2].

On December 14, 2017, Petitioner, *pro se*, filed a timely notice of appeal to the Ohio Supreme Court. (Ex. 17, Doc. 6, at 550). In his memorandum in support, Petitioner asserted two propositions of law:

1. Settles received ineffective assistance of trial counsel in violation of his Sixth and Fourteenth Amendment Rights and as a result, Settles was denied Due Process and a fair trial under the Fifth and Fourteenth Amendments to the Ohio and United States Constitutions.

2. Settles's right to be free from cruel and unusual punishment pursuant to the Eighth and Fourteenth Amendments to the Ohio and United States Constitutions was violated when Settles was sentenced to a disproportionate sentence despite his lessened culpability.

2. The Court of Appeals first "address[ed] Settles' erroneous understanding of petitions for a writ of habeas corpus and post-conviction relief." *Settles II,* 99 N.E.3d at 1015. It explained: "Writs of habeas corpus are civil actions and cannot be filed in criminal actions. Since Settles' petition was filed in his criminal case and cited R.C. 2953.21 – Ohio's post-conviction relief statute – the State and the trial court treated Settles' petition as a petition for post-conviction relief. We do the same." *Id.* (internal citations omitted).

(Ex. 18, Doc. 6, at 554) (capitalization altered). On April 25, 2018 the Ohio Supreme Court declined to accept jurisdiction. (Ex. 19, Doc. 6, at 585).

**FEDERAL HABEAS CORPUS**

The instant *pro se* Petition was filed in June 2018 and challenges Petitioner's convictions and resulting sentences. (Doc. 1)[3]. Petitioner raises four grounds for relief:

> **GROUND ONE**: Trial counsel provided ineffective assistance [of] counsel; failed to obtain an expert mental evaluation[.] 6th, 14th Amendment.
>
> Supporting Facts: I was a 14-year-old child bound over as an adult. I was bound over at age 14 with an IQ of 69. The expert psychologist witness for the State testified that more testing should [have] been done. It was not. I was sentenced to a disproportionate sentence despite my lessened culpability. I wasn't even given a physical examination at my juvenile court amenability hearing.
>
> **GROUND TWO**: Counsel provided ineffective assistance when counsel failed to argue Juvenile Rule 30, age at the time of my offense was 15.
>
> Supporting Facts: Seneca County Juvenile Court bound me over as an adult at age 14, despite that I had an IQ of 69, which means that I was mildly mentally retarded. I never had a passing grade in school. At the time I was age 15; under Ohio Juvenile Rule 30, I was not even the age the law required.
>
> **GROUND THREE**: Counsel provided ineffective assistance when he failed to object for untimely move for mistrial.
>
> Supporting Facts: When the State had the witness on the stand that clearly perjured himself under oath, my counsel never objected and went along with the trial.

*Id*. at 5-8.

3. With his Petition, Petitioner attaches a 47 page "Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" and "Memorandum of Law in Support". *See* Doc 1-1, at 1-47.

## DISCUSSION

In the Motion to Dismiss, Respondent contends the Petition must be dismissed as time-barred under 20 U.S.C. § 2244(d)(1)(A). (Doc. 5, at 8). Though he does not specifically address the time-bar argument in his Reply, Petitioner argues the Court is required to consider and apply Supreme Court's recent decision in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016). (Doc. 7, at 3). The undersigned liberally construes this as an argument Petitioner is entitled to a later start date under § 2244(d)(1)(C). *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Franklin v. Rose*, 765 F.2d 82, 85 (6th Cir. 1985). For the reasons discussed below, the undersigned recommends the Petition be dismissed.

Statute of Limitations

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides for a one-year period during which a prisoner in state custody may file a petition for habeas relief in federal court. 28 U.S.C. § 2244(d)(1). The limitation period begins with any of the following scenarios, whichever is latest:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

*§ 2244(d)(1)(A)*

Here, Respondent asserts 28 U.S.C. § 2244(d)(1)(A), is the appropriate point of reference. (Doc. 5, at 8). Under § 2244(d)(1)(A), cases become final when the time to file an appeal has expired. *Lawrence v. Florida*, 549 U.S. 327, 333 (2007). Although the statute of limitations is "not jurisdictional," it "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009). On September 30, 1998, the Third District Court of Appeals affirmed the judgment of the Seneca County Court of Common Pleas. (Ex. 7, Doc. 6, at 184); *Settles I*, 1998 WL 667635, at *1. Petitioner had 45 days thereafter to appeal the ruling to the Ohio Supreme Court. *See* Ohio Sup. Ct. R. II § 2(A)(1)(a)[4]. He did not do so. Thus, the conviction became final on the date his time for seeking direct review by the Ohio Supreme Court expired – November 14, 1998 – and the statute of limitations began running the following day—November 15, 1998. It expired one year later, on November 15, 1999. *See* Fed R. Civ. P. 6(a); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000). Therefore, the Petition—filed June 11, 2018—is time-barred under § 2244(d)(1)(A) absent a later start date, statutory or equitable tolling, or a showing of actual innocence.

The undersigned first turns to whether Petitioner is entitled to a later start date under § 2244(d)(1)(C), and then addresses tolling.

*§ 2244(d)(1)(C)*

Though Petitioner does not specifically argue he is entitled to a later start date under § 2244(d)(1)(C), the undersigned construes his argument that the Court is required to apply the

---

4. On January 1, 2013, Ohio Supreme Court Rule II § 2(A)(1)(a) became Supreme Court of Ohio Rule of Practice 7.01(A)(1)(a)(i). Both rules set forth a 45-day deadline within which an appellant must file a notice of appeal.

Supreme Court's recent decision in *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), as such.[5] (Doc. 7, at 3).

The limitation period under § 2244(d)(1)(C) is calculated from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). In his Reply, Petitioner asserts that, under the *Montgomery*, decision, which held *Miller v. Alabama*, 567 U.S. 460, 479-80 (2012) applied retroactively, this Court is required to give "consideration [to] the *Miller* factors because of the unique differences in development, differentiating children from adults." (Doc. 7, at 3). The Supreme Court in *Miller* held:

> [T]he Eighth Amendment forbids a sentencing scheme that mandates the life in prison without the possibility of parole for juvenile offenders.
>
> ***
>
> Although we do not foreclose a sentencer's ability to make that judgment in homicide cases, we require it to take into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison.

*Miller*, 567 U.S. at 479-80.

Petitioner is correct that *Montgomery* made *Miller* retroactively applicable on collateral review. *Montgomery*, 136 S. Ct. at 732. However, as noted above, *Miller* addressed juvenile offenders who received life in prison *without the possibility of parole*. *Miller*, 567 U.S. at 479-80. Here, Petitioner did not receive a life without parole sentence. Rather, he received a sentence of

5. This Court liberally construes the pleadings of *pro se* litigants, as is the case here. *See Payne v. Chandler*, 162 F.3d 1162, 1163 (6th Cir. 1998); *see also Haines*, 404 U.S. at 521 (holding that *pro se* litigants are held to a less stringent standard than formal pleadings drafted by lawyers).

eighteen years to life.[6] *See* Ex. 3, Doc. 6, at 7; *see also Goins v. Smith*, 556 F. App'x 434, 440 (6th Cir. 2014) (quoting *Miller*, 567 U.S. at 490) ("[A]lthough *Miller* observed that '*Graham*, *Roper*, and our individualized sentencing decisions make clear that a judge or jury must have the opportunity to consider mitigating circumstances before imposing the harshest possible penalty for juveniles,' and this language certainly counsels in favor of considering juveniles' diminished culpability in imposing consecutive term-of-years sentences, *Miller* does not clearly require such an approach where a juvenile faces an aggregate term-of-years sentence.") (internal citation omitted).

Because Petitioner did not receive a life without parole sentence, *Montgomery* and *Miller* are inapplicable. Therefore, Petitioner is not entitled to a later start date under § 2244(d)(1)(C). The undersigned now turns to whether Petitioner can show tolling or actual innocence.

Tolling

Because Petitioner has not demonstrated entitlement to a later start date under § 2244(d)(1)(C), his Petition remains time-barred under § 2244(d)(1)(A) unless he can show tolling, or actual innocence.

*Statutory Tolling*

A properly filed post-conviction petition can serve to toll the statute of limitations in habeas cases. 28 U.S.C. § 2244(d)(2). A state application for post-conviction relief is "properly filed" within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings, such as those prescribing the time limits for filing."

---

6. Petitioner is eligible for parole in February of 2020. *See* Ohio Department of Rehabilitation & Correction, Offender Database, Parole Hearing Information, https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A343604 (last visited Dec. 7, 2018).

*Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Importantly, once the AEDPA statute of limitations expires, state collateral review proceedings can no longer serve to avoid the time-bar. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not, however, revive the limitations period (i.e., restart the clock at zero; it can only serve to pause a clock that has not yet fully run.") (internal quotation and citation omitted).

Statutory tolling does not rescue Petitioner in this case. As noted above, his conviction became final on November 14, 1998, and the statute of limitations expired one year later, on November 15, 1999. (Ex. 7, Doc. 6, at 182). Petitioner did not file his petition for post-conviction relief until August 8, 2016 – almost seventeen years *after* the limitations period expired. (Ex. 8, Doc. 6, at 201). Because this filing occurred after the AEDPA statute of limitations had run, it cannot serve as a basis for statutory tolling. *Vroman*, 346 F.3d at 602; *Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003) ("a motion for state post-conviction review that is filed following the period for seeing habeas relief cannot toll that period because there is no period remaining to toll"). Absent equitable tolling, therefore, the Petition is untimely.

*Equitable Tolling*

Petitioner has the burden of establishing his entitlement to equitable tolling. *See Jurado*, 337 F.3d at 642. To meet this burden, Petitioner must show that: 1) extraordinary circumstances prevented the filing of his petition, and 2) he was diligent in pursuing his case. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling should only be granted "sparingly". *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006). Further, in the extreme circumstance, a petitioner can prove his entitlement to equitable tolling through a showing of actual innocence under the "miscarriage of justice" standard. *Schlup v. Delo*, 513 U.S. 298 (1995). A showing of actual innocence requires "new reliable evidence – whether it be exculpatory scientific evidence,

trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id*. at 324.

In his Reply, Petitioner argues the Government did not consider the "glaring reality as to why [Petitioner] was unable to present a post-conviction motion in a timely manner" – alluding to his low IQ. (Doc. 7, at 2). The undersigned construes this as an equitable tolling argument. A petitioner's mental incompetence is an extraordinary circumstance that, in some cases, may warrant equitable tolling. *Avery v. U.S.*, 2017 WL 9248941, at *3 (6th Cir.). "To obtain equitable tolling of AEDPA's statute of limitations on the basis of mental incompetence, a petitioner must demonstrate that (1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations." *Ata v. Scutt*, 662 F.2d 736, 742 (6th Cir. 2011). "[A] causal link between the mental condition and untimely filing is required", and importantly, "the petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Id* at 741-42.

Here, the record shows Petitioner was found competent to stand trial at his amenability hearing in April 1997 by a State psychologist, Dr. Patrick Harris. *Settles I*, 1998 WL 667635, at *2; (Ex. 7, Doc. 6, at 187-88). As the Third District Court of Appeals summarized, Dr. Harris testified that while Petitioner's IQ "was on the low end of a borderline in measuring for mental retardation. . . he possessed insufficient information to determine whether [Petitioner] was mentally retarded." *Id*. Dr. Harris further testified "[Petitioner] was fairly normal in most areas for his age, and that [he] possessed a logical and coherent thought process." *Id*. at 188. Because Petitioner has provided no other evidence of mental incapacity, he has failed to establish a "causal link between the mental condition and the untimely filing". *Ata*, 662 F.2d at 742. Thus, Petitioner has not shown entitlement to equitable tolling.

Additionally, Petitioner has not made an argument showing that newly discovered evidence in any way prevented him from filing his habeas petition, nor has he argued (or provided evidence to suggest) actual innocence in this case. *See Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (holding that, to benefit from equitable tolling, a petitioner must show he was diligently pursuing his rights, and some "extraordinary circumstance" stood in his way). Thus, the undersigned finds Plaintiff is not entitled to equitable tolling.

Under § 2244(d)(1)(A), Petitioner's AEDPA statute of limitations expired on November 15, 1999. Because he has not shown an entitlement to a later start date, tolling, or actual innocence, his June 11, 2018 Petition is untimely.

**CONCLUSION AND RECOMMENDATION**

Following review, and for the reasons stated above, the Court recommends the Petition be dismissed.

s/James R. Knepp, II
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).