UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

|  |  |
|---|---|
| CRAIG SETTLES, | : |
| : | Case No. 3:18-cv-1324 |
| Petitioner, | : |
| : |  |
| vs. | : OPINION & ORDER |
| : [Resolving Doc. 5] |  |
| WARDEN NEIL TURNER, | : |
| : |  |
| Respondent. | : |
| : |  |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In 1997, an Ohio jury convicted then-fourteen-year-old Petitioner Craig Settles of murder.[1] The trial court subsequently issued an indeterminate sentence of eighteen years to life with the possibility of parole.[2] Settles appealed,[3] the Ohio Court of Appeals affirmed,[4] and Settles did not seek Ohio Supreme Court review.[5]

Settles now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent Warden Turner moves to dismiss, arguing that Settles' petition is untimely.[6] Magistrate Judge Knepp issued a report and recommendation ("R&R") recommending that the Court dismiss Settles' petition,[7] to which Settles objects.[8]

For the following reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the R&R, and **DISMISSES** Settles' petition.

---

[1] Doc. 6 at 3.
[2] *State v. Settles*, No. 13-97-50, 1998 WL 667635, *1 (Ohio Ct. App. Sept. 30, 1998).
[3] *Id.*
[4] *Id.*
[5] *See* Doc. 1 at 2. Settles also filed a 2015 post-conviction petition in the Ohio trial court, which is not relevant here. Doc. 6 at 201.
[6] Doc. 5. Petitioner opposes. Doc. 7.
[7] Doc. 8.
[8] Doc. 9.

Case No. 3:18-cv-1324
Gwin, J.

## Discussion

Because Settles objected to the R&R, the Court reviews it *de novo*.[9] The question in this case is timeliness. A habeas petitioner must file within one year of the latest of:

(i) his conviction becoming final,
(ii) the Supreme Court recognizing a new relevant constitutional right,
(iii) an unlawful state impediment to filing being removed, or
(iv) when new material facts could reasonably have been discovered.[10]

Only the first two options are relevant here.

A conviction becomes final when the defendant's direct review opportunities expire.[11] Settles appealed to the Ohio Court of Appeals, who issued its decision on September 30, 1998.[12] From then, Settles had forty-five days to seek Ohio Supreme Court review,[13] which Settles never did. Thus, his conviction became final on November 14, 1998, making Settles' June 2018 petition nearly twenty years late under the first deadline.

Settles responds that his case involves a constitutional right newly recognized by the Supreme Court in *Miller v. Alabama*,[14] and made retroactive by *Montgomery v. Louisiana*.[15] *Miller* outlawed mandatory life sentences without parole for juveniles. Settles argues that his one-year clock runs from *Montgomery*'s decision date—January 25, 2016.

He is wrong for two reasons. First, *Miller* only invalidated *mandatory* juvenile sentences to life *without parole*. Although Settles was a juvenile, his *discretionary*

---

[9] 28 U.S.C. § 636(b)(1)(C).
[10] 28 U.S.C. § 2244(d)(1)(A)–(D).
[11] *E.g., Lawrence v. Florida*, 549 U.S. 327, 333 (2007).
[12] *Settles*, 1998 WL 667635 at *1.
[13] Ohio Supreme Court Rule of Practice 7.01(A)(1).
[14] 567 U.S. 460 (2012).
[15] 136 S. Ct. 718 (2016).

-2-

sentence of eighteen years to life *with parole* falls outside *Miller*'s holding.[16] Second, even if *Montgomery* was the start date, Settles is still more than a year late.

Petitioner next argues that the Court should equitably toll the limitations period because he is mentally disabled. To take shelter under equitable tolling, the petitioner must show that, although he pursued his rights diligently, extraordinary circumstances prevented timely filing.[17] Mental incompetence may constitute an extraordinary circumstance if the petitioner can show it *caused* his failure to timely file.[18]

Here, Settles relies only on a 1997 state examiner's conclusion that he had an intelligence score "on the low end of a borderline in measuring mental retardation."[19] However, even presuming this establishes a mental disability, Settles has not explained how it *caused* him to wait nineteen years to file his petition.[20] Further, Settles' capable briefing undercuts any claim of incompetence.[21] Finally, that the examination predated the limitations period further undercuts his argument.[22]

For the foregoing reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the R&R, and **DISMISSES** Settles' habeas petition. The Court does not believe an appeal

---

[16] *See Goins v. Smith*, 556 F. App'x 434, 438 (6th Cir. 2014) (habeas case holding that *Miller* did not apply to discretionary sentences); *In re Harrell*, No. 16-1048, 2016 WL 4708184, *2 (6th Cir. Sept. 8, 2016) (habeas case holding that *Miller* did not apply to life sentences with the possibility of parole).

[17] *Holland v. Florida*, 560 U.S. 631, 649 (2010). Although equitable tolling may also apply to preserve a claim of actual innocence, Settles does not argue actual innocence.

[18] *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011).

[19] *Settles*, 1998 WL 667635, at *3.

[20] *See Ata*, 662 F.3d at 742 ("[A] blanket assertion of mental incompetence is insufficient . . . . Rather, a causal link between the mental condition and untimely filing is required.").

[21] Although it is possible Settles may have had help with the briefing, this too would weigh against equitable tolling. *See Stiltner v. Hart*, 657 F. App'x 513, 524 (6th Cir 2016).

[22] *See Watkins v. Deangelo-Kipp*, 854 F.3d 846, 851–52 (6th Cir. 2017).

Case No. 3:18-cv-1324
Gwin, J.

could be taken from this order in good faith.

    IT IS SO ORDERED.


Dated: June 18, 2019                  *s/     James S. Gwin*
                                                    JAMES S. GWIN
                                                    UNITED STATES DISTRICT JUDGE